IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Loyd Anthony Willis a/k/a Fresh, | ) |
| Petitioner, | ) Civil Action No. 0:20-cv-2151-TMC |
| vs. | ) **ORDER** |
| Bryan K. Dobbs, Warden, | ) |
| Respondent. | ) |

Petitioner Loyd Anthony Willis ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 5, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be dismissed without prejudice for lack of subject matter jurisdiction and without requiring the Respondent to file a return. (ECF No. 11). Petitioner filed objections to the Report on August 10, 2020, (ECF No. 13), and this matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's

2

failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In the Report, the magistrate judge set forth the relevant facts, *see* (ECF No. 11 at 1–2), and Petitioner did not object to that portion of the Report, *see* (ECF No. 13). Briefly, in 2011, Petitioner pled guilty in the United States District Court for the Southern District of Georgia to unlicensed dealing of firearms, being a felon in possession of a firearm, and distribution of controlled substance. *See* (ECF No. 11 at 1 (citing *United States v. Willis*, Cr. No. 2:10-cr-61)).[1] Subsequently, Petitioner was sentenced to an aggregate term of imprisonment of 188 months. *Id*. Petitioner did not appeal his conviction or his sentence. Then, in 2015, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255; however, his motion was denied as untimely. *Id*.; *see also* (ECF No. 1 at 3–4, 5).

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner raises two grounds in support of his § 2241 petition. First, he contends that his guilty plea for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) was not knowingly and intelligently made and, therefore, should be vacated based on the United States Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 1 at

---

[1] The court may take judicial notice of court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

6–7, 9). Second, Petitioner argues that the sentencing court improperly sentenced him to 188 months' imprisonment when the maximum term of imprisonment on any of his charges was 120 months. *Id*. at 6, 8.

## II. MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also* (ECF No. 11 at 3). Further, because the savings clause is a "jurisdictional provision," this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding that district courts must dismiss §2241 habeas petitions that do not fall within the savings clause for lack of jurisdiction).

As the magistrate judge recognized, it is well-settled in this circuit that, in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must establish the following:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also* (ECF No. 43 at 4). Subsequently, the Fourth Circuit articulated a four-part test to determine whether a § 2255 motion is "inadequate and ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

As to Petitioner's claim that the Supreme Court's decision in *Rehaif* renders his § 922(g)(1) guilty plea and conviction invalid, the magistrate judge concluded that, based on Fourth Circuit precedent, Petitioner failed to satisfy the second prong of the *Jones* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334. (ECF No. 11 at 4). Specifically, the magistrate judge found that "Petitioner does not argue that *Rehaif* rendered the conduct for which he was convicted not criminal[;]" rather, "he only argues that he entered his guilty plea without understanding the ramifications that *Rehaif* would bring." *Id*. Accordingly, the magistrate judge concluded that the conduct to which Petitioner pled guilty and was subsequently convicted continued to be criminal even after *Rehaif* and that Petitioner, therefore, could not satisfy the second prong of *Jones*.[2] *Id*. Thus, the magistrate judge found the court does not have jurisdiction to consider Petitioner's challenge to his guilty plea and conviction. *Id*.

---

[2] In reaching this conclusion, the magistrate judge relied on *Capalbo v. Antonelli*, C/A No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *3 (D.S.C. June 29, 2020), *aff'd*, 832 Fed. App'x 229 (4th Cir. 2020); *Hughes v. Mackelburg*, C/A No. 8:19-3390-HMH-JDA, 2020 WL 1429351, at *2 (D.S.C. Mar. 24, 2020); *Hoffman v. Breckon*, C/A No. 7:18-cv-265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020), *appeal docketed*, No. 20-6322 (4th Cir. July 17, 2020) (collecting district court cases in the Fourth Circuit finding § 2241 petitioners could not meet the second element of the *Jones* test based on *Rehaif*).

Similarly, with respect to Petitioner's second claim that his sentence was improperly calculated, the magistrate judge determined that Petitioner could not satisfy the second prong of the *Wheeler* test that, "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review[,]" 886 F.3d at 429. (ECF No. 11 at 4–5). The magistrate judge found that, because Petitioner asserts no change in the substantive law as to the United States Sentencing Guidelines or the statutory penalties for his convictions and merely "argues that the sentencing court misapplied the [guidelines] that were in effect at the time he was sentenced[,]" he could not satisfy the second prong and the court also lacks jurisdiction to address this claim. *Id*. at 5. Therefore, the magistrate judge recommends the court dismiss the Petition (ECF No. 1) without prejudice for lack of subject matter jurisdiction. *Id*.

### III. DISCUSSION

Petitioner filed objections to the Report. *See* (ECF No. 13). However, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Indeed, the bulk of Petitioner's objections are entirely unrelated and unresponsive to the magistrate judge's Report, including a detailed statement of how he believes his sentence should have been calculated. *See id*. These objections merely restate the conclusory allegations and arguments set forth in his Petition. *Compare id*., *with* (ECF No. 1 at 8). It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015

WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

Liberally construed, Petitioner's only objection to the Report is his argument that the magistrate judge erred in concluding the court does not have jurisdiction to correct his sentence. *See* (ECF No. 13 at 3). However, Petitioner fails to identify any error in the magistrate judge's analysis or to present any argument as to how he satisfies the second prong of *Wheeler* such that it is proper for the court to exercise jurisdiction over this matter. Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

The only clear error which the court has identified is the magistrate judge's failure to apply Eleventh Circuit law when determining whether, under the second prong of the *Jones* test, the conduct for which Petitioner was convicted is still considered criminal. "In evaluating substantive claims under the savings clause, a district court must look to the substantive law of the circuit

7

where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) (internal quotation marks omitted). The applicable "procedural law," however, is that of the district court's home circuit. *Hahn*, 931 F.3d at 301. Thus, in this case, the magistrate judge properly applied the Fourth Circuit's procedural tests in *Jones* and *Wheeler*; however, because Petitioner was convicted in the Southern District of Georgia, the magistrate judge should have applied the substantive law of the Eleventh Circuit Court of Appeals. Nevertheless, under both Fourth Circuit and Eleventh Circuit precedent, possession of a firearm by a convicted felon—the conduct to which Petitioner pled guilty and for which he was convicted—remains a criminal offense. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *Hoffman v. Breckon*, C/A No. 7:18-cv-265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020), *appeal docketed*, No. 20-6322 (4th Cir. July 17, 2020) (collecting district court cases in the Fourth Circuit finding § 2241 petitioners could not meet the second element of the *Jones* test based on *Rehaif*). Therefore, despite this error, the magistrate judge reached the correct conclusion that Petitioner cannot satisfy the second prong of the *Jones* test and this court does not have jurisdiction to consider Petitioner's claims.

## IV. CONCLUSION

After a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 11) as modified herein. Accordingly, having concluded that it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 25, 2021